# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM LELAND EDWARDS**<br><br>            Plaintiff.<br><br>     -v-<br><br>**U.S. CUSTOMS AND BORDER PROTECTION,**<br><br>  c/o Office of Chief Counsel<br>  U.S. Customs and Border Protection<br>  1300 Pennsylvania Avenue, Suite 4.4-B<br>  Washington, D.C. 20229<br><br>            Defendant. | Civil Action No. 1:25-cv-880<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendant United States Customs and Border Protection ("Defendant" or "CBP") on February 5, 2025. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under FOIA, 5 U.S.C. §552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (6)(C)(i), as well as 28 U.S.C. § 1331.

2. Venue in the District of Columbia is appropriate under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3. Plaintiff William Leland Edwards submitted a FOIA request to CBP through his counsel on February 5, 2025. He is a U.S. citizen who currently resides in Mexico.

4. Defendant CBP is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, CBP is responsible for overseeing the Global Entry Program, including reviewing applications, conducting background checks, and overseeing the interview process. CBP has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the FOIA requirements.

**STATEMENT OF FACTS**

5. On February 5, 2025, Plaintiff, through his lawyer, filed a FOIA request with CBP. The FOIA request sought (1) all records pertaining to Plaintiff's Global Entry history, including but not limited to CBP notes regarding his travel history and all other documentation and information relied upon by CBP in making adverse eligibility determinations and in making its September 2021 decision to overturn the revocation of his Global Entry privileges; (2) all records pertaining to CBP searches of any private aircraft used by Plaintiff and/or of Plaintiff's luggage or other possessions, including but not limited to records reflecting the reasons for and results of the searches and any nexus between the searches and decisions on Plaintiff's Global Entry eligibility; and (3) all records pertaining to CBP interviews with Plaintiff, including but not limited to records reflecting the reasons for the interviews, transcriptions or notes from the interviews, the results of the interviews, and any nexus between the interviews and decisions on Plaintiff's Global Entry eligibility.

6. The FOIA request complied with FOIA requirements. *See* Exhibit A (FOIA request).

7. Pursuant to FOIA, an agency is required to make an initial "determination" with regard to a request within twenty (20) working days of receipt. *See* 5 U.S.C § 552(a)(6)(A)(i).

8. If there are "unusual circumstances," as defined by the statute, an agency may extend the time to make its determination no more than ten (10) working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

9. Under FOIA, individuals making FOIA requests are deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(B)(i).

10. Over 20 working days have elapsed since CBP received Plaintiff's FOIA request on February 5, 2025.

11. CBP has assigned the request the request number CBP-FO-2025-061036 but has not otherwise responded.

12. To date, CBP has failed to inform Plaintiff of any "unusual circumstances" surrounding Plaintiff's FOIA request.

13. CBP has similarly failed to produce any responsive agency records, or communicate the scope of the documents it intends to produce or its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond Within the Time Required**

14. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15. Under FOIA, Defendant was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within twenty (20) working days after receiving the request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

16. Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statue violates the statute.

## COUNT TWO

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search.**

17. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. Defendant has violated its obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. *See* 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Wrongful Withholding of Records.**

19. Plaintiff repeats the allegations in the foregoing paragraph and incorporates them as though fully set forth herein.

20. Defendant is wrongfully withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

21. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

22. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

23. Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's request violates FOIA, 5 U.S.C §§ 552(a)(6)(A)(i) and (B);

C. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA request in accordance with 5 U.S.C. § 552(a)(3)(C);

D. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's FOIA request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

E. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

F. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: March 25, 2025

                                          Respectfully submitted,

                                          */s/ David C. Rybicki*
                                          David C. Rybicki
                                          Robert S. Silverblatt
                                          K&L Gates LLP
                                          1601 K Street, N.W.
                                          Washington, DC 20006
                                          Telephone: (202) 778-9370
                                          Facsimile: (202) 778-9100
                                          David.Rybicki@klgates.com
                                          *Counsel for Plaintiff William L. Edwards*

## CERTIFICATE OF SERVICE

I, David Rybicki, certify that on March 25, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I will serve this document, along with summonses, on the individuals listed below pursuant to Fed. R. Civ. P. 4:

U.S. Customs and Border Protection
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

Pam Bondi
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

U.S. Attorney's Office for the District of Columbia
601 D St. NW
Washington, DC 20004

Dated: March 25, 2025.

*/s/ David C. Rybicki*